UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 NOV 23  AM 11: 08

BY _____
DEPUTY CLERK

| | |
|---|---|
| PLUM CREEK MAINE MARKETING, INC. and WEYERHAEUSER COMPANY as the successor by merger of PLUM CREEK MAINE TIMBERLANDS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> WeLog, Inc., <br><br> Defendant. | Civil Action <br> Docket No. 2:16-CV-312 |

## COMPLAINT

NOW COME Plaintiffs Plum Creek Maine Marketing, Inc. and Weyerhaeuser Company, as the successor by merger of Plum Creek Maine Timberlands, LLC, and complain against Defendant WeLog, Inc., as follows:

### PARTIES AND JURISDICTION

1. Plum Creek Maine Marketing, Inc., ("PCL-Maine Marketing") is a Delaware corporation. PCL-Maine Marketing's principal place of business is located at 220 Occidental Avenue South, Seattle, Washington, 98104.

2. Weyerhaeuser Company ("Weyerhaeuser") is a Washington corporation. Weyerhaeuser's principal place of business is located at 220 Occidental Avenue South, Seattle, Washington, 98104.

3. Plum Creek Maine Timberlands, LLC ("PCL-Maine Timberlands") was a Delaware limited liability company. PCL-Maine Timberlands' principal place of business was located at 220 Occidental Avenue South, Seattle, Washington, 98104.

4. The sole member of PCL-Maine Timberlands was Plum Creek Timberlands, L.P. ("PCL-LP"). PCL-LP was a Delaware limited partnership. PCL-LP's principal place of business was located at 220 Occidental Avenue South, Seattle, Washington, 98104.

5. On September 28, 2016, PCL-Maine Timberlands was merged into PCL-LP, and PCL-LP was merged into Weyerhaeuser.

6. Weyerhaeuser is the ultimate parent of PCL-Maine Marketing as a result of the February 19, 2016 merger between Weyerhaeuser and the Plum Creek Timber Company, Inc. PCL-Maine Marketing and PCL-Maine Timberlands were related business entities which were indirectly wholly owned by Plum Creek Timber Company, Inc.

7. On December 31, 2016, PCL-Maine Marketing is to be merged into its parent, Plum Creek Marketing, Inc., which will be merged into its parent, Plum Creek Manufacturing Holding Co., Inc., which will be merged into Weyerhaeuser NR Company ("Weyerhaeuser-NR").

8. Weyerhaeuser-NR is a Washington corporation. Weyerhaeuser-NR's principal place of business is located at 220 Occidental Avenue South, Seattle, Washington, 98104.

9. Weyerhaeuser-NR is a wholly-owned subsidiary of Weyerhaeuser.

10. Defendant WeLog, Inc. ("WeLog") is a New Hampshire corporation. WeLog's principal place of business is located at 109 Main Street, #4, Colebrook, New Hampshire, 03576.

11. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) as this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to Plaintiffs' claim occurred in this District and because the property that is the subject of this action is situated in this District.

## GENERAL ALLEGATIONS

13. Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 12.

14. Plaintiffs are in the forest products industry. Plaintiffs grow, manage, harvest, and market timber on lands owned in Vermont.

15. On September 18, 2008, PCL-Maine Timberlands purchased approximately 86,000 acres of land in Essex, Orleans, and Caledonia Counties, Vermont (the "Plum Creek Land").

16. Weyerhaeuser is now the owner of the Plum Creek Land.

17. At the time of its September 18, 2008 purchase, the Plum Creek Land was enrolled in the State of Vermont Use Value Appraisal Program ("UVA Program") pursuant to 32 V.S.A. Chapter 124.

18. The benefit of having land enrolled in the UVA Program is that property taxes are owed at a reduced amount as compared to what would be owed if the land were not enrolled in the UVA Program.

19. The State of Vermont Agency of Natural Resources ("ANR"), Department of Forest, Parks & Recreation ("FPR"), administers the UVA Program and determines whether a UVA Program participant is in compliance with the (A) UVA Program and 32 V.S.A. Chapter 124; (B) 10 V.S.A. § 2625(j) (the "Heavy-Cut Law"); and (C) the Acceptable Management Practices for Maintaining Water Quality on Logging Jobs in Vermont (the "AMPs").

20. If FPR determines that a UVA Program participant is not in compliance, then the Vermont Department of Taxes, Division of Property Valuation and Review ("PVR"), acting under 32 V.S.A. Chapter 124 imposes a land use change tax and removes from the UVA Program the entire parcel of managed forest land.

21. Increased taxes and/or monetary fines and penalties may be imposed for an act of noncompliance with or violation of the UVA Program and 32 V.S.A. Chapter 124.

22. Increased taxes and/or monetary fines and penalties may be imposed for an act of noncompliance with or violation of the Heavy-Cut Law.

23. Increased taxes and/or monetary fines and penalties may be imposed for an act of noncompliance with or violation of the AMPs.

24. As a result of being enrolled in the UVA Program, the Plum Creek Land is subject to a forest management plan ("FMP") as required by the UVA Program in accordance with 32 V.S.A. Chapter 124.

25. Timber harvest activities on the Plum Creek Land must comply with the FMP, the UVA Program requirements, 32 V.S.A. Chapter 124, the Heavy Cut Law, and the AMPs, in order for the Plum Creek Land to maintain proper qualification and enrollment in the UVA Program and for Plaintiffs to receive the tax benefit conferred by such qualification and enrollment.

26. For the Plum Creek Land to maintain and continue enrollment in the UVA Program, before timber can be harvested from the Plum Creek Land, FPR must approve the timber harvest and determine that the proposed harvest, if properly conducted and completed, will comply with the FMP, the UVA Program, 32 V.S.A. Chapter 124, the Heavy Cut Law, and the AMPs.

27. For the Plum Creek Land to maintain and continue its enrollment in the UVA Program, after timber is harvested from Plum Creek Land, FPR must determine that the timber harvest complied with the FMP, the UVA Program, 32 V.S.A. Chapter 124, the Heavy Cut Law, and the AMPs.

28. FPR grants its approval of a proposed timber harvest by means of a written timber harvest "prescription," which the land owner submits to FPR as an amendment to the FMP.

29. If timber is harvested without an FPR-approved prescription, or in violation of the FPR-approved prescription, then the State of Vermont may take punitive action against the owner of the land from which the timber was harvested under the UVA Program, 32 V.S.A. Chapter 124, the Heavy Cut Law, and/or the AMPs.

30. Weyerhaeuser, as the successor by merger with PCL-Maine Timberlands, obtained a prescription for a timber harvest on 471 acres of Plum Creek Land in the Town of Lemington, Vermont (the "North Clough Brook Prescription").

## COUNT

## BREACH OF LOGGING CONTRACT BY WELOG

31. Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 30.

32. On November 25, 2009, PCL-Maine Marketing entered into a logging contract (the "Logging Contract") with WeLog, subject to the terms and conditions of the North Clough Brook Prescription, for logging and hauling services, including the harvesting of timber from the 471 acres described in the North Clough Brook Prescription.

33. The FPR-approved North Clough Brook Prescription, which PCL-Maine Marketing provided to WeLog, was part of the Logging Contract.

34. The Logging Contract identified the 471 acres set forth in the North Clough Brook Prescription of Plum Creek Land as the "Harvest Unit" from which WeLog was to harvest timber.

35. A condition and specification of the Logging Contract was that WeLog was to harvest timber within the Harvest Unit only as marked or designated with respect to whether timber was to be harvested or to remain unharvested.

36. WeLog breached the Logging Contract when it conducted its operations in violation of the North Clough Brook Prescription, the FMP, the UVA Program, 32 V.S.A. Chapter 124, the Heavy Cut Law, and the AMPs, as FPR determined on November 30, 2010 (the "Violation Determination"). A copy of the Violation Determination is attached as **Exhibit A**.

37. WeLog breached the Logging Contract when, as confirmed in the Violation Decision, it harvested timber within the Harvest Unit that was marked or designated to remain unharvested.

38. WeLog breached the Logging Contract when, as confirmed in the Violation Decision, it harvested timber within the Harvest Unit that did not comply with the quantitative, residual basal area requirements of the North Clough Brook Prescription.

39. WeLog breached the Logging Contract when, as confirmed in the Violation Decision, it harvested timber within the Harvest Unit that did not comply with the qualitative, regeneration requirements of the North Clough Brook Prescription.

40. A condition and specification of the Logging Contract was that WeLog was to conduct its operations in accordance with all applicable state laws regarding forestry practices, water quality and best management practices ("BMPs").

41. On July 31, 2011, PVR issued <u>Re: Plum Creek Maine Timberlands, LLC</u>, CU-11-1, Director's Appeal Decision (March 31, 2011, William E. Johnson, Director PVR) (the "PVR Decision"). A copy of the PVR Decision is attached as **Exhibit B**.

42. On January 27, 2014, in response to an appeal by PCL-Maine Timberlands, the Vermont Superior Court, Civil Division, Essex Unit, reversed the Violation Determination thereby rendering the PVR Decision moot. <u>In re: Appeal of Plum Creek Maine Timberlands, LLC</u>, No. 72-12-10 Excv, 2014 WL 664410 (Vt. Super.Ct. Essex Cty.Jan. 27, 2014).

43. On September 16, 2016, the Vermont Supreme Court re-instated the Violation Determination in *Plum Creek Maine Timberlands, LLC v. Vermont Department of Forests, Parks and Recreation and Vermont Department of Taxes*, 2016 VT 103, and remanded PCL-Maine Timberland's appeal of the PVR Decision to the Superior Court.

44. Pursuant to the Logging Contract, WeLog assumed all obligations imposed on Plaintiffs by all applicable state and federal laws, rules, and regulations in effect, during the life of the Logging Contract, relating to all operations in accordance with the Logging Contract including, but not limited to, compliance with laws relating to forest practices, BMPs, and logging in connection with the harvesting of timber from the Harvest Unit.

45. When WeLog harvested trees from the Harvest Unit, WeLog did not comply with environmental, land use, and similar laws or regulations as required by the Logging Contract. Specifically, WeLog harvested timber that was to remain unharvested; failed to leave sufficient residual basal area of trees of appropriate species, maturity, and quality; and failed to harvest trees in such a manner as to achieve the required qualitative timber regeneration requirements, in violation of the North Clough Brook Prescription, the FMP, the UVA Program, 32 V.S.A. Chapter 124, the Heavy Cut Law, and the AMPs.

46. WeLog breached the Logging Contract by failing to comply with environmental, land use, and similar laws or regulations for the harvesting of timber from the Harvest Unit, as set forth in the Violation Determination, which was re-instated by *Plum Creek Maine Timberlands, LLC*, 2016 VT 103.

47. The Logging Contract required that WeLog strictly comply with all applicable state and federal laws, rules, and regulations in effect, during the life of the Logging Contract, relating to all operations in accordance with the Logging Contract including, but not limited to, compliance with laws relating to forest practices, BMPs, and logging.

48. WeLog breached the Logging Contract by failing to strictly comply with all applicable state and federal laws, rules, and regulations in effect, during the life of the Logging Contract, relating to all operations in accordance with the Logging Contract including, but not limited to, compliance with laws relating to forest practices, BMPs, and logging, as set forth in the Violation Determination, which was re-instated by *Plum Creek Maine Timberlands, LLC*, 2016 VT 103.

49. In accordance with the Logging Contract, WeLog represented and warranted to Plaintiffs that WeLog could perform the timber harvest on the Harvest Unit in full compliance with all applicable laws, regulations, and standards, including the North Clough Brook Prescription.

50. WeLog breached the Logging Contract by failing to perform the timber harvest on the Harvest Unit in full compliance with all applicable laws, regulations, and standards, as set forth in the Violation Determination, which was re-instated by *Plum Creek Maine Timberlands, LLC*, 2016 VT 103.

51. The Logging Contract provides that in any proceeding brought to enforce the Logging Contract, the prevailing party shall be entitled to collect, in addition to any judgment awarded by a court, a reasonable sum as attorneys' fees, and all costs and expenses incurred in connection with such a lawsuit.

52. WeLog's breach of the Logging Contract proximately and foreseeably caused PVR to impose a $7,860.80 land use change tax in accordance with 32 V.S.A. § 3757(a) for violation of the North Clough Brook Prescription as described in the Violation Determination.

53. WeLog's breach of the Logging Contract proximately and foreseeably caused the disqualification and discontinuance of 56,604 acres of Plum Creek Land from the UVA Program for five years effective April 1, 2011 in accordance with 32 V.S.A. § 3756(i) as set forth in the PVR Decision.

54. WeLog's breach of the Logging Contract proximately and foreseeably caused the real property taxation of the 56,604 acres at fair market value instead of use value, an increase of approximately $11.9 million in valuation and, therefore, an increased property tax payment of $191,000 annually for five years (for a total of $955,000), plus interest imposed under 32 V.S.A. § 4873.

55. WeLog's breach of the Logging Contract proximately and foreseeably caused Plaintiffs to be subject to civil enforcement, and costs and penalties for violation of the Heavy Cut Law, the amounts of which have yet to be finally determined.

56. WeLog's breach of the Logging Contract proximately and foreseeably caused Plaintiffs to be subject to civil enforcement, and costs and penalties for violation of the AMPs, the amounts of which have yet to be finally determined.

57. WeLog's breach of the Logging Contract proximately and foreseeably caused Plaintiffs to incur attorney's fees as a result of the actions by the State of Vermont due to the improper harvesting of trees by WeLog in violation of the Logging Contract, the North Clough Brook Prescription, the FMP, the UVA Program, 32 V.S.A. Chapter 124, the Heavy Cut Law, and the AMPs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plum Creek Maine Marketing, Inc. and Weyerhaeuser Company, as the successor by merger of Plum Creek Maine Timberlands, LLC, respectfully request that the Court enter judgment in their favor and against WeLog, Inc., and grant them the following relief:

(1) $7,860.80 for Plaintiffs' payment of a land use change tax in accordance with 32 V.S.A. § 3757(a) pursuant to the Violation Determination;

(2) $955,000 for Plaintiffs' payment of real property taxes on 56,604 acres at fair market value instead of use value for five years;

(3) An amount to be determined for interest imposed pursuant to 32 V.S.A. § 4873 relative to the payment of increased taxes;

(4) An amount to be determined for all monetary fines, penalties, fees, and costs due to, or arising out of, application and enforcement of the Heavy Cut Law against Plaintiffs;

(5) An amount to be determined for all monetary fines, penalties, fees, and costs due to, or arising out of, application and enforcement of the AMPs against Plaintiffs;

(6) An amount to be determined for attorney's fees incurred by Plaintiffs as a result of the Violation Determination;

(7) An amount to be determined for attorney's fees and all additional costs and fees of the State of Vermont to be paid by Plaintiffs as a result of, or arising out of, the Violation Determination and the PVR Decision;

(8) An amount to be determined for attorney's fees, costs and expenses incurred by Plaintiffs in prosecuting this action;

(9) Pre-judgment interest in an amount to be determined;

(10) Post-judgment interest in an amount to be determined; and

(12) Such further relief as the Court deems just and appropriate.

DATED at Montpelier, Vermont this 23rd day of November, 2016.

PLUM CREEK MAINE MARKETING, INC., and WEYERHAEUSER COMPANY as the successor by merger of PLUM CREEK MAINE TIMBERLANDS, LLC.

By: *David L. Grayck* (signature)
David L. Grayck, Esq.
Law Office of David L. Grayck, Esq.
57 College Street
Montpelier, VT 05602
dgrayck@gmail.com
david@graycklaw.com
(802) 223-0659